## THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOE HAND PROMOTIONS, INC.** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | **C/A NO.:**     **13-00924** |
| **VERSUS** | * | |
| | * | **JUDGE:**     **BERRIGAN** |
| **TRACY L. RANSIER and MID CITY** | * | |
| **PARTNERS, L.L.C., d/b/a RED DOOR** | * | **MAG. JUDGE:**     **CHASEZ** |
| **LOUNGE** | * | |
| | * | |
| **Defendants** | * | |

**************************************************************************

## <u>ANSWER TO COMPLAINT</u>

**NOW INTO COURT**, through undersigned counsel, comes Defendants, Tracy L. Ransier and Mid City Partners, L.L.C., d/b/a Red Door Lounge, who denies each and every allegation contained in Plaintiff's Complaint and avers as follows:

### I.

The allegations contained in Paragraph 1 are admitted.

### II.

The allegations contained in Paragraph 2 regarding jurisdiction are denied except to admit that this Court has personal jurisdiction over Defendants.  The remaining allegations are expressly denied.

### III.

The allegations contained in Paragraph 3 are denied except to admit that venue is proper.

### IV.

The allegations contained in Paragraph 4 list Plaintiff as Joe Hand Promotions, Inc., and therefore, do not require a response.  However, out of an abundance of caution, Defendant lacks

sufficient information to form a belief as to the status or existence of Joe Hand Promotions, Inc., and on that basis, Paragraph 4 is denied.

## V.

The allegations contained in Paragraph 5 are admitted.

## VI.

The allegations contained in Paragraph 6 are admitted.

## VII.

The allegations contained in Paragraph 7 are denied.

## VIII.

The allegations contained in Paragraph 8 are denied.

## IX.

The allegations contained in Paragraph 9 are admitted.

## X.

The allegations contained in Paragraph 10 are denied, Mid City Partners is a limited liability company.

## XI.

The allegations contained in Paragraph 11 are denied.

## XII.

The allegations contained in Paragraph 12 are denied.

## XIII.

The allegations contained in Paragraph 13 are denied except as to those which were previously admitted.

## XIV.

The allegations contained in Paragraph 14 are denied based on lack of sufficient information to justify a belief therein

## XV.

The allegations contained in Paragraph 15 are denied based on a lack of sufficient information to support a belief therein.

## XVI.

The allegations contained in Paragraph 16 are denied based on lack of sufficient information to justify a belief therein.

## XVII.

The allegations contained in Paragraph 17 are denied.

## XVIII.

The allegations contained in Paragraph 18 are denied.

## XIX.

The allegations contained in Paragraph 19 are denied.

## XX.

The allegations contained in Paragraph 20 are denied.

## XXI.

The allegations contained in Paragraph 21 are denied.

## XXII.

The allegations contained in Paragraph 22 are denied.

## XXIII.

The allegations contained in Paragraph 23 are denied.

## XXIV.

The allegations contained in Paragraph 24 are denied except as to those which were previously admitted.

## XXV.

The allegations contained in Paragraph 25 are denied.

## XXVI.

The allegations contained in Paragraph 26 are denied.

## XXVII.

The allegations contained in Paragraph 27 are denied.

## XXVIII.

The allegations contained in Paragraph 28 are denied.

## XXIX.

The allegations contained in Paragraph 29 are denied.

## XXX.

The allegations contained in Paragraph 30 are denied.

## XXXI.

The allegations contained in Paragraph 31 are denied except as to those which were previously admitted.

## XXXII.

The allegations contained in Paragraph 32 are denied.

## XXXIII.

The allegations contained in Paragraph 33 are denied.

## XXXIV.

The allegations contained in Paragraph 34 are denied.

## AFFIRMATIVE DEFENSES

### XXXV.

Plaintiff has failed to join indispensable parties in order to properly adjudicate its claims.

### XXXVI.

Plaintiff's claims and causes of action are barred in whole or in part by the equitable doctrines of laces, waiver, ratification, estoppel and quasiestoppel.

### XXXVII.

If Plaintiff was injured or damaged, the injuries and damages were proximately caused and/or contributed solely to the acts of Direct TV and its agents, or other persons, entities, forces, or things over which Defendants had no control and for which Defendants are not responsible.

### XXXVIII.

Defendants reserve the right to assert other defenses unknown to it at this time and to adopt any Affirmative Defense(s) filed by any other party.

### XXXIX.

Alternatively, any alleged violation by Defendants of 47 U.S.C. 605 and/or 47 U.S.C. 553 was committed innocently and unknowingly such that should the Court find any violation, Plaintiff is entitled to little to no damages, no attorney's fees and no costs

### XL.

**WHEREFORE**, Defendants pray that this Answer be deemed sufficient and that after due proceedings are had there be judgment herein in favor of Defendants and against Plaintiff denying any and all relief sought, dismissing Plaintiff's cause of action with prejudice at Plaintiff's cost, and for all other general and equitable relief.

Respectfully submitted,

*/s/ Marc L. Frischhertz*
Dominick F. Impastato, III, (#29056)
**Marc L. Frischhertz, (#29194)**
Anthony J. Impastato, (#34604)
FRISCHHERTZ, POULLIARD,
FRISCHHERTZ & IMPASTATO, L.L.C.
1130 St. Charles Avenue
New Orleans, LA  70130
Telephone:  (504) 523-1500
Facsimile:   (504) 581-1670

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this date forwarded a copy of the above and foregoing document via facsimile and/or first class mail, postage prepaid to the following:

John C. Henry and Michael A. Mayhall
**The Mayhall Law Firm**
19349 North 12th Street
Covington, LA  70433

Dated, this the 30th day of July, 2013.

*/s/ Marc L. Frischhertz*
**Marc L. Frischhertz, (#29194)**