THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOE HAND PROMOTIONS, INC.** | |
| **Plaintiff** | |
| | C/A NO.:   13-00924 |
| **VERSUS** | |
| | JUDGE:   BERRIGAN |
| **TRACY L. RANSIER and MID CITY PARTNERS, L.L.C., d/b/a RED DOOR LOUNGE** | |
| | MAG. JUDGE:   CHASEZ |
| **Defendants** | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS DIRECTV, L.L.C.'S, COUNTER CLAIM**

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT**, through undersigned counsel, comes Defendants, Tracy L. Ransier and Mid City Partners, L.L.C., d/b/a Red Door Lounge, who respectfully request that this Honorable Court grant their Rule 12(B)(6) Motion to Dismiss the Counter Claim of DirecTV on the basis that said claims are time barred under the applicable statute of limitations.

**I.   FACTS AND PROCEDURAL HISTORY**

This matter arises out of the alleged receipt of the pay-per-view of event entitled <u>UFC 114: Rampage v. Evans</u> by Defendants, Tracy L. Ransier and Mid City Partners, L.L.C., d/b/a Red Door Lounge, in alleged violation of the broadcast rights of Plaintiff in Counter Claim, DirecTV. This litigation was instituted by Plaintiff, Joe Hand Promotions, against Defendants, Tracy L. Ransier and Mid City Partners, L.L.C., d/b/a Red Door Lounge. In response to the Complaint filed by Joe Hand Promotions, Defendants filed a Third Party Complaint against DirecTV. DirecTV has now answered that Third Party Complaint and filed a Counter Claim

against Defendants, Tracy L. Ransier and Mid City Partners, L.L.C., d/b/a Red Door Lounge. *See* Rec. Doc. 27. The Counter Claim of DirecTV mirrors the original Complaint filed by Joe Hand Promotions, asserting nearly identical claims against Defendants.

The claims by DirecTV against Defendants arise out of the allegation that on May 29, 2010, Defendants improperly and in violation of statute ordered a pay-per-view of an event entitled UFC 114: Rampage v. Evans. As a result of the allegations of fact by DirecTV, DirecTV has asserted the following causes of action:

1. Alleged violation of 47 U.S.C. §605;
2. Alleged violation of 18 U.S.C. §2511;
3. Breach of contract;
4. Civil conversion; and
5. Injunctive relief pursuant to 47 U.S.C. §605 and 18 U.S.C. §2511.

*See* Rec. Doc. 27. The statute of limitations and/or prescriptive period had run on each of the causes of action asserted by DirecTV except for the breach of contract claim.

According to the Counter Claim filed by DirecTV, the events giving rise to DirecTV's complaint occurred on May 29, 2010. DirecTV's Counter Claim was filed on January 10, 2014. On its face, more than three years had elapsed from the date of the alleged occurrence to the filing of DirecTV's Counter Claim. Therefore, the statute of limitations and/or prescriptive period had run on all causes of action except for the breach of contract claim and therefore, they should be dismissed.

## II.   LAW AND ARGUMENT

"A Rule 12(B)(6) motion to dismiss for failure to state a claim is an appropriate method for raising a statute of limitations defense." *Mann v. Adams Realty Company, Inc.*, 556 F.2d

288, 293 (5 Cir. 1977).

    A.  **DirecTV's Claim of Civil Conversion is Prescribed on Its Face.**

In Louisiana, the prescriptive period for dilectual actions, which includes actions for fraud, is one year from the date of injury or damage is sustained. La. C.C. Art. 3492 (West 2013). "The prescriptive period for conversion is one year from the time that the plaintiff is or should be on notice of the alleged act of conversion." *Johnson v. Hardy*, 756 So.2d 328, 333 (La. App. 1 Cir. 11/5/99).

According to DirecTV's Counter Claim, the alleged conversion occurred on May 29, 2010. DirecTV's Counter Claim was not filed until January 10, 2014. Therefore, on its face, the claim for conversion was brought more than one year after the date of the alleged occurrence and is therefore prescribed. For this reason, Defendants respectfully request that this Honorable Court dismiss DirecTV's claim of civil conversion.

    B.  **DirecTV's Cause of Action Pursuant to 18 U.S.C. §2511 is Time Barred.**

18 U.S.C. §2511 addresses the interception and disclosure of wire, oral, or electronic communications and prohibits the interception of said communications. Arguably, the statute applies to the alleged conduct contained within DirecTV's Counter Claim. Furthermore, 18 U.S.C. §2520 authorizes the recovery of civil damages for the violation of Section 2511. However, Section 2520 contains a limitation period as follows: "A civil action under this Section may not be commenced later than two years after the date upon which the claimant first had a reasonable opportunity to discover the violation." 18 U.S.C. §2520(e).

An auditor visited Defendants' establishment on May 29, 2010 and alleges to have seen the UFC 114 event being broadcasted at the establishment. Additionally, DirecTV provides no information in its complaint as to why or how it wasn't aware of Defendants' alleged breach at

the time the breach occurred or shortly thereafter.  Over 3 ½ years passed from the date of the alleged violation and the filing of DirecTV's complaint, therefore on its face said complaint is prescribed and DirecTV has failed to make any showing that it did not discover, and had no reason to discover, the violation within two years of the filing of its complaint.  Therefore, this cause of action should be dismissed.

### C.  **DirecTV's Cause of Action Pursuant to 47 U.S.C. §605 is Time Barred.**

DirecTV has also asserted a cause of action pursuant to 47 U.S.C. §605.  47 U.S.C. §605 is contained within the Federal Communications Act (FCA).  The statute itself does not specify a statute of limitations for actions by aggrieved parties.  Where a federal statute does not specify a statute of limitations, Courts must adopt the appropriate statute of limitations from either State or Federal sources.  With regard to the particular statute at issue here, 47 U.S.C. §605, the Court of Appeals for the Fifth Circuit has addressed this issue.  In *ProStar v. Massachi*, 239 F.3d 669 (5 Cir. 2001), in performing its analysis, the Fifth Circuit noted that the Supreme Court has dictated that State law is the "lender of first resort and that courts generally are to adopt the closest State law analogue". *Id*. 672.  However, the Fifth Circuit found that Louisiana's one year statute of limitations would frustrate or interfere with the implementation of national policies, or be at odds with the purpose of operation of a federal substantive law.  The Fifth Circuit determined that Louisiana's tort of conversion provides the closest State law analogue to claims under 47 U.S.C. §605.  However, the Court found the one year statute of limitations would undermine the implementation of the FCA. *Id*. at 676.

The Fifth Circuit noted that where the State law is found to be at odds with the purpose of the Federal statute, "A court must decide whether a Federal statute of limitations for another cause of action better reflects the balance that Congress would have preferred between the

substantive polices underlying the Federal claim and the policies of repose." *Id*. at 672. "The Supreme Court has emphasized the limited nature of this exception, stating that a Federal limitations period should apply only where it 'clearly provides a closer analogy than an available State statute, and when the Federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial law making.'" *Id*. at 672 (quoting *Northstar Steel Company v. Thomas*, 515 U.S. 29, 35 (1995).

The Fifth Circuit thereafter without any analysis concluded that the Copyright Act provides the appropriate Federal law analogue to FCA claims. *ProStar*, 239 F.3d at 677. The court therefore ultimately held that the three year limitations period articulated in the Copyright Act governed the FCA claims. *Id*. at 678. The statute of limitations for the Copyright Act is found at 17 U.S.C. §507 and states that no civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued.

**1. The Fifth Circuit Incorrectly Applied the Statute of Limitations From the Copyright Act to Claims Under the FCA.**

As stated by the Fifth Circuit in *ProStar*, where the State law analogue is rejected, the court is directed to apply the most analogous Federal law to the statute at issue. In applying the statute of limitations from the Copyright Act, the Fifth Circuit stated that both the Copyright Act and the FCA protect proprietary interest in the context of cable transmissions. The Copyright Act prohibits infringement by anyone who violates any of the exclusive rights of the copyright owner. Infringement encompasses the unauthorized performance or display of motion pictures and other audio/visual works. Finally, the statute explicitly prohibits infringement in the context of secondary transmissions by cable systems. *ProStar*, 239 F.3d at 677. Furthermore, the Fifth Circuit's rationale was premised upon a belief that, "A single Federal standard would eliminate

these practical difficulties, facilitating resolution of the national problems addressed by the FCA." *Id*. at 677.

Defendants submit that under the rationale espoused by the Fifth Circuit in *ProStar*, the Copyright Act is in fact not the most analogous Federal statute; but instead, the Wire and Electronic Communications Interception and Interception of Oral Communications Act (ECPA), 18 U.S.C. §2511 is the closest Federal analogue and its statute of limitations is more appropriately applied. From a fair reading of *ProStar* it does not appear that the Fifth Circuit considered this statute in its search for a Federal analogue to the FCA, and as such Defendants' submit that this Court, while bound to adopt the analysis and rationale of the Fifth Circuit in *ProStar*, should nevertheless adopt the statute of limitations from 18 U.S.C. §2511 and 2520 as opposed to the Copyright Act.

The FCA, 47 U.S.C. §605 in pertinent part states that the prohibition on receiving, transmitting, or assisting in transmitting of the communications defined within the statute applies to the receipt of any satellite cable programming subject to the exceptions contained within the statute. *See* 47 U.S.C. § 605(b). This is the principal statute used by cable and satellite providers to pursue those who have allegedly gained unauthorized access to their programming.

18 U.S.C. §2511 states in pertinent part, "Conduct otherwise an offense under this subsection that consist or relates to the interception of a satellite transmission that is not encrypted or scrambled and that is transmitted (1) to a broadcasting station for purpose of retransmission to the general public; or (2) as an audio subcarrier intended for redistribution to facilities open to the public, but not including data transmissions or telephone calls, is not an offense under this subsection unless the conduct is for purposes of direct or indirect commercial advantage or private financial gain. *See* 18 U.S.C. §2511(4)(b). The primary prohibition of

Section 2511 prohibits the intentional interception or attempt to intercept any wire, oral, or electronic communication. In fact, the Fifth Circuit has expressly stated that a satellite provider could bring a cause of action under the Wiretap Act, 18 U.S.C. §2511, alleging the individual pirated its satellite signal. *See DirecTV, Inc., v. Bennett*, 470 F.3d 565, 569 (5 Cir. 2006). The Wiretap Act contains a statute of limitations at 18 U.S.C. §2520. That section states, "A civil action under this section must not be commenced later than two years after the date upon which the claimant first had a reasonable opportunity to discovery the violation." 18 U.S.C. §2520(e).

The Wiretap Act, 18 U.S.C. §2511 is clearly a closer analogue to the FCA, 47 U.S.C. §605 than is the Copyright Act. Defendants submit that this Court should apply the rationale employed by the Fifth Circuit in *ProStar* but nevertheless conclude differently and hold that the Wiretap Act not the Copyright Act is the closest Federal analogue to the FCA.

Turning to the facts of this case, the alleged violation occurred May 29, 2010. DirecTV filed its Complaint on January 10, 2014, over 3 ½ years after the cause of action accrued. Therefore, on its face, the statute of limitations has run and the claim is time barred.

As further support that the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521 is the most analogous Federal statute to claims under 47 U.S.C. §605, Defendants submit that the legislative history of both the ECPA and FCA make it clear that Congress intended 47 U.S.C. §605 and the ECPA to overlap in addressing satellite piracy. *See United States v. Lande*, 968 F.2d 907, 912 (9 Cir. 1992)(citing 132 CONG. REC. S. 14452-53)(Daily Ed. October 1, 1986)("The penalties provided for in the Electronic Communications Piracy Act are in addition to those which are provided by Section 605"). In fact, the House Report accompanying the 1988 Amendments to 47 U.S.C. §605 specifically refers to the application of 18 U.S.C. §2511 to satellite television piracy. *Lande*, 968 F.2d at 913 (citing H. REP. NO. 807(II), at 14 (1988),

reprinted in 1988 U.S.C. Can 5638, 5643 ("In response to the piracy problem, the Federal Communications Commission has increased enforcement efforts under [47 U.S.C. §605A] and Title 18 U.S. Code §2511(1), each of which prohibit the unauthorized interception and use of satellite and other radio communications."). The similarities, purpose, and structure between FCA and ECPA, and the clear legislative intent that FCA and ECPA overlap in addressing satellite piracy supports applying the two year statute of limitations in 18 U.S.C. §2520(e) to claims under 47 U.S.C. §605(a). The fact that these two Federal remedies were intended to overlap underscores the practical reasonableness of a single Federal statute of limitations applicable to civil remedies under both Title 18 and Title 47. For a clear and cogent argument detailing the rationale for the application of the two year statute of limitations contained within the ECPA see *In RE: Cases Filed by DirecTV, Inc.*, 344 F. Supp.2d 647 (D.C. AZ. 2004).

### 2. Even Under the Three Year Period Under the Copyright Act DirecTV's Cause of Action is Time Barred.

Even if this Court was to apply the three year statute of limitations contained within the Copyright Act, DirecTV's cause of action pursuant to 47 U.S.C. §605 is time barred. As stated previously, the alleged violation occurred and DirecTV's cause of action accrued on May 29, 2010. DirecTV did not file its Complaint until January 10, 2014. Therefore, even under the three year statute, DirecTV's cause of action is time barred under the Copyright Act's statute of limitations and should be dismissed.

### D. DirecTV's Claims For Injunctive Relief Should Be Dismissed as Time Barred.

DirecTV also asserts as Count V a claim for injunctive relief premised upon the injunctive relief provided for in 47 U.S.C. §605 and 18 U.S.C. §2511. For the reasons stated previously, the causes of action pursuant to these statutes are barred by the applicable statutes of limitations and therefore, this cause of action should likewise be dismissed.

Wherefore, Defendants pray that this Honorable Court grant their motion to Dismiss for the reasons stated herein.

Respectfully submitted,

*/s/ Marc L. Frischhertz*
Dominick F. Impastato, III, (#29056)
**Marc L. Frischhertz, (#29194)**
Anthony J. Impastato, (#34604)
FRISCHHERTZ, POULLIARD,
FRISCHHERTZ & IMPASTATO, L.L.C.
1130 St. Charles Avenue
New Orleans, LA  70130
Telephone:  (504) 523-1500
Facsimile:   (504) 581-1670

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this date forwarded a copy of the above and foregoing document via CM/ECF to the following:

John C. Henry and Michael A. Mayhall
**The Mayhall Law Firm**
19349 North 12th Street
Covington, LA  70433

Thomas J. Eppling
**Staines & Eppling**
3500 N. Causeway Boulevard, Suite 820
Metairie, LA  70002

Dated, this the 3rd day of February, 2014.

*/s/ Marc L. Frischhhertz*
**Marc L. Frischhertz, (#29194)**
