UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOE HAND PROMOTIONS, INC.                                   CIVIL ACTION

VERSUS                                                      NO. 13-924

TRACY L. RANSIER, ET AL.                                    SECTION: "C" (5)

## ORDER AND REASONS[1]

Before the Court is the defendants' 12(b)(6) motion to dismiss third party defendant's counterclaim. Rec. Doc. 35. The third party defendant opposes the motion Rec. Doc. 47. The motion is before the Court on the briefs and without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court has determined that the motion to dismiss is DENIED for the following reasons.

## I. BACKGROUND

This case arises out of an allegedly illegal satellite broadcast of the Ultimate Fighting Championship ("UFC") 114: Rampage v. Evans. Rec. Doc. 1 at 3. Joe Hand Productions, Inc. ("Joe Hand Productions") brought suit against Tracy L. Ransier and Mid City Partners, L.L.C. d/b/a Red Door Lounge ("Ransier") alleging that Red Door Lounge's broadcast of the match was in violation of Title 47 U.S.C. §§ 553 and 605. Rec. Doc. 1 at 3, 5. Joe Hand Productions held the right to distribute the UFC 114: Rampage v. Evans broadcast, which included the right to enter into agreements with commercial entities who wished to publicly exhibit the broadcast to patrons. Rec. Doc. 1 at 3. Joe Hand Productions alleges that Ransier violated 47 U.S.C. § 605 that "prohibits the unauthorized reception and publication or use of communications" and 47

---

[1] Jennifer Watkins, a third-year student at Tulane University Law School, assisted in the preparation of this Order and Reasons.

U.S.C. § 553 that "prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system," both of which would apply to the UFC 114:Rampage v. Evans broadcast. Rec. Doc. 1 at 4-5. Joe Hand Productions stated in its complaint that it was unsure as to how Ransier had obtained the broadcast but offered the possibility that Ransier had misrepresented itself as a residential establishment instead of a commercial business when purchasing the satellite receiver. Rec. Doc. 1 at 4.

In response, Ransier brought a third party complaint against DirecTV, L.L.C. ("DirecTV"), who had installed a residential satellite broadcast system at Red Door Lounge, a commercial business. Rec. Doc. 10 at 1-2. DirecTV subsequently brought a counterclaim consisting of five causes of action against Ransier under the Cable Communications Policy Act of 1984, 647 U.S.C. §§ 521, et seq. for the transmission of the UFC 114:Rampage v. Evans broadcast in a commercial setting without proper authorization. Rec. Doc. 27 at 8-17. The causes of action consists of alleged violation of 47 U.S.C. §605 for unlawful interception, reception or exhibition of satellite programming transmitted by DirecTV; alleged violation of 18 U.S.C. §2511 for intentional interception, disclosure or use of electronic communications; breach of contract of the residential agreement between DirecTV and Ransier that provided the satellite service was only for non-commercial use, enjoyment and viewing; civil conversion for Ransier's unlawful conversion of DirecTV's property for their own commercial use and benefit; and injunctive relief pursuant to 47 U.S.C. §605 and 18 U.S.C. §2511 to prevent Ransier from continuing to intercept, transmit and exhibit satellite programming without authorization. Rec. Doc. 27 at 12-17. Ransier now moves to dismiss all claims except for the breach of contract claim on the grounds that the statute of limitations and/or the prescriptive period has run. Rec.

Doc. 35-1 at 2.

## II. LAW AND ANALYSIS

### A. Standard of Review

To prevail on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the moving party must show "that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Baton Rouge Bldg., & Constr. Trades Council AFLCIO v. Jacobs Constructors, Inc*., 804 F.2d 879, 881 (5th Cir.1986). In general, when considering a motion to dismiss under Rule 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true. *In Re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). Furthermore, the complaint must be liberally construed in favor of the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *United States ex rel. Bain v. Georgia Gulf Corp.*, 386 F.3d 648, 654 (5th Cir. 2004) (quoting *Jones v. Alcoa, Inc*., 339 F.3d 359, 362 (5th Cir. 2003)).

### B. The Civil Conversion Claim

Ransier argues that DirecTV's claim for civil conversion is prescribed on its face because the alleged conversion occurred on May 29, 2010, and DirecTV filed its counterclaim on January 10, 2014. Rec. Doc. 35-1 at 3. In Louisiana, the prescriptive period for dilectual actions is one year from the date of injury or when damage was sustained. La. Civ. Code Art. 3492. DirecTV argues that the "discovery rule" acts to suspend prescription in Louisiana and that under the discovery rule, DirecTV brought its claim for conversion within four months of learning the facts

that gave the basis for the claim.  Rec. Doc. 47 at 3.

The discovery rule is one of the four categories of *contra non valentem*, which are exceptions to prescription.  *Wimberly v. Gatch*, 635 So.2d 206, 211 (La. 1994).  The discovery rule "provides that prescription commences on the date the injured party discovers or should have discovered the facts upon which his cause of action is based." *Id.* "Prescription does not run against one who does not know of the facts upon which his cause of action is based, as long as that ignorance is not willful, negligent or unreasonable." *Northwestern Mutual Life Ins. Co. v. Hart*, 1996 WL 419804 at * 2 (E.D. La. July 25, 1996). The prescriptive period commences when the plaintiff obtains actual or constructive knowledge of facts indicating that he is a victim of tort. *In re Medical Review Panel of Lafayette*, 860 So.2d 86, 89 (5th Cir.2003). "[N]otice sufficient to excite attention and put the injured party on guard and call for inquiry" qualifies as constructive knowledge, and the plaintiff must use reasonable diligence to obtain this knowledge once put on notice. *Northwestern*, 1996 WL 419804 at * 2. However, the *contra non valentem* doctrine has generally been narrowly interpreted by Louisiana case law.  *Wilson v. Hargroder*, 1995 WL 29339 at *3 (5th Cir. Jan. 19, 1995).

Normally, the party moving for an exception to prescription bears the burden of proof. *Taranto v. Louisiana Citizens Prop. Ins. Corp.*, 62 So.3d 721, 726 (La. 2011). If prescription is apparent on the face of the pleadings, the plaintiff bears the burden of showing that the action has not prescribed.  *Id.*  Here, DirecTV argues that it had no occasion to learn about Ransier's conversion until, at the earliest, Joe Hand Productions initiated their suit on April 16, 2013.  Rec. Doc. 47 at 5.  Less than one year has passed since this date such that DirecTV's claim would not be prescribed.  DirecTV argues that it "does not employ investigators to investigate or monitor

customer adherence to the [residential] agreements." Rec. Doc. 47 at 5. The Louisiana Supreme Court has stated that a "[d]etermination of when prescription commences under the discovery rule is a fact-intensive inquiry." *Bailey v. Khoury*, 891 So.2d 1268, 1284 (La. 2005). Because allegations must be construed in favor of the non-moving party during a motion to dismiss, this Court will not make a determination of whether DirecTV's claim of conversion has prescribed at this time, based on the facts provided. Consequently, Ransier's motion to dismiss DirecTV's claim of conversion is DENIED.

**C. The 18 U.S.C. §2511 Claim**

Next, Ransier argues that DirecTV's 18 U.S.C. §2511 claim should be dismissed because the statute contains a limitation period where a claimant must bring an action within two years from the time in which the claimant first had a reasonable opportunity to discover the violation. Rec. Doc. 35-1 at 3. Ransier alleges that an auditor visited the Red Door Lounge and saw the UFC 114: Rampage v. Evans broadcast on May 29, 2010 and that this date is when DirecTV first had a reasonable opportunity to discover the violation. Rec. Doc. 35-1 at 3. DirecTV argues that it learned of the facts four months before it brought its claim and had no reason to suspect a violation prior to that date. Rec. Doc. 47 at 6.

A claim for civil damages under 18 U.S.C. §2511 "may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation." 18 U.S.C. §2520(e). The Fifth Circuit has held that this "limitation period begins to run once the plaintiff has enough notice as would lead a reasonable person to either sue or launch an investigation." *Pringle v. Schleuter*, 388 F. App'x 449, 450 (5th Cir. 2010) (citation omitted). Although DirecTV's 18 U.S.C. §2511 claim is filed more than two years after the violation, it is

5

still timely because DirecTV asserted its claim within a reasonable amount of time after discovering the facts that gave rise to the claim. DirecTV's "reasonable opportunity" to have discovered the violation occurred on April 16, 2013 when Joe Hand Productions filed its suit against Ransier. Rec. Doc. 1. As such, Ransier's motion to dismiss DirecTV's 18 U.S.C. §2511 claim is DENIED.

**D. The 47 U.S.C. §605 Claim**

Ransier also argues that DirecTV's 47 U.S.C. §605 claim is time barred. Rec. Doc. 35-1 at 4. Although 47 U.S.C. §605, part of the Federal Communications Act ("FCA"), contains no express limitations period, the Fifth Circuit determined that the statute of limitations provisions of the Copyright Act should govern because both the Copyright Act and the FCA "protect proprietary rights in the context of cable transmissions." *Prostar v. Massachi*, 239 F.3d 669, 677 (5th Cir. 2001). This Court does not find, as suggested by Ransier, that the Fifth Circuit incorrectly applied the Copyright Act statute of limitations to the FCA. *See* Rec. Doc. 35-1 at 5. The Fifth Circuit in *Prostar* held that the Copyright Act's three year statute of limitations would apply to claims brought under the FCA, including those brought under 47 U.S.C. §605. *Id.* at 678. Because the Copyright Act governs the appropriate limitations period, this Court will look to that Act to determine when the three-year limitations period begins to run. "A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge." *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994) (citation omitted); *see also Lyons Paternship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 796 (4th Cir. 2001). Taking all inferences in favor of the plaintiff, this Court finds that Ransier has failed to establish that DirecTV had any knowledge of the alleged May 29, 2010 violation until, at the

earliest, when Joe Hand Productions initiated their suit on April 16, 2013. *See* Rec. Doc. 1 at 8. Since DirecTV filed its claim against Ransier on January 10, 2014, this falls well within the three-year period that commenced April 16, 2013. Accordingly, Ransier's motion to dismiss DirecTV's 47 U.S.C. §605 claim is DENIED.

**E. The Injunctive Relief Claim**

Finally, Ransier seeks dismissal of DirecTV's claims for injunctive relief, arguing that they are time barred. Rec. Doc. 35-1 at 8. DirecTV has asserted claims for injunctive relief provided under 47 U.S.C. §605 and 18 U.S.C. §2511. Rec. Doc. 27 at 16-17. Because this Court is dismissing neither DirecTV's 47 U.S.C. §605 claim nor its 18 U.S.C. §2511 claim, DirecTV's claims for injunctive relief under these statutes should not be dismissed either. Consequently, Ransier's motion to dismiss DirecTV's claims for injunctive relief is DENIED.

Accordingly,

IT IS ORDERED that the motion to dismiss filed by the Ransier is DENIED. (Rec. Doc. 35-1).

New Orleans, Louisiana this 3rd day of April, 2014.

_____
**HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE**